IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CT-3131-FL

| | |
|---|---|
| MAURICE QUINCY DESHAWN WILLIAMS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )           ORDER<br>) |
| JEREMY WRIGHT, DOUGLAS ROBINSON, MICHAEL MITCHELL, NELSON PEREZ, JOHN FLAMION, and ROMUALD LANKOSZ | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the court for initial review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and on plaintiff's motion to amend (DE 18).

## BACKGROUND

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing complaint on April 7, 2020, asserting claims for violations of his civil rights pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff alleges defendants violated his rights under the Fourth Amendment to the United States Constitution by providing materially misleading statements in a search warrant affidavit related to a search of plaintiff's residence. On November 30, 2020, the court conducted its initial review of plaintiff's complaint and directed plaintiff to file amended, particularized complaint. Plaintiff did not comply with the court's order by the deadline, and the court therefore entered judgment dismissing the action without prejudice for failure to prosecute.

Plaintiff filed post-judgment motion for reconsideration, arguing that he missed the deadline due to COVID-19 restrictions at his correctional institution. The court granted the motion for reconsideration, and allowed plaintiff to file post-judgment motion to amend the complaint. Plaintiff timely complied with the court's order and the matter is now ripe for initial review of the proposed amended complaint under § 1915(e)(2)(B). Plaintiff also moves to amend the complaint to add additional defendants.

## COURT'S DISCUSSION

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

Here, plaintiff alleges defendants provided knowingly false statements in a search warrant application. Plaintiff alleges the search of his residence, which uncovered controlled substances and other contraband, violated the Fourth Amendment based on the materially misleading statements contained in the warrant application.

"[A]n officer contravenes the Fourth Amendment when he procures a search warrant through the use of false statements, whereby a magistrate would not have otherwise found probable cause." See Unus v. Kane, 565 F.3d 103, 124 (4th Cir. 2009); see also Franks v. Delaware, 438 U.S. 154, 155–56 (1978). The plaintiff must show that the false statements were made deliberately or with reckless disregard for the truth, or that the officer omitted material facts with the intent to make, or with reckless disregard of whether they made, the affidavit misleading. Franks, 438 U.S. at 171; United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990). The false statements or omissions also must be material such that after excising the inaccuracies or inserting the omitted facts, the warrant affidavit would not establish probable cause for the search. See Miller v. Prince George's Cnty., MD, 475 F.3d 621, 628 (4th Cir. 2007).

Because plaintiff alleges claims for damages pursuant to Bivens, the court must first determine whether his Fourth Amendment claim presents a cognizable cause of action. In Bivens, the Supreme Court recognized a damages remedy against federal officers for Fourth Amendment violations where the officers searched a residence and arrested the plaintiff without a warrant or probable cause. 403 U.S. 388, 397 (1971). Since Bivens was decided in 1971, the Supreme Court has authorized a damages remedy against federal officers for constitutional violations in only two additional contexts: 1) a Fifth Amendment equal protection claim alleging gender discrimination in congressional employment, see Davis v. Passman, 442 U.S. 228 (1979); and 2)

an Eighth Amendment claim by a federal prisoner alleging prison officials were deliberately indifferent to his serious medical needs by failing to treat his asthma, see Carlson v. Green, 446 U.S. 14 (1980). See also Earle v. Shreves, 990 F.3d 774, 778 (4th Cir. 2021). The Court, however, "has declined to countenance Bivens actions in any additional context." See Tun-Cos v. Perrotte, 922 F.3d 514, 521 (4th Cir. 2019) (collecting cases).

The Supreme Court recently explained that Congress is better positioned to extend Bivens liability to new contexts not previously recognized by the Court, and instructed federal district and appellate courts to conduct a rigorous analysis before authorizing a Bivens remedy in any new context without congressional approval. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1856–57 (2017); see also Tun-Cos, 922 F.3d at 521–23. The Court established the following framework for analyzing the availability of a Bivens remedy:

> First, courts must inquire whether a given case presents a new Bivens context. If the context is not new . . . then a Bivens remedy continues to be available. But if the context is new, then courts must, before extending Bivens liability, evaluate whether there are special factors counselling hesitation in the absence of affirmative action by Congress. If any such special factors do exist, a Bivens action is not available.

Earle, 990 F.3d at 778–79.

Here, plaintiff's Fourth Amendment claim presents a new context and special factors prevent the court from recognizing a cause of action for this new claim. Although Bivens itself recognizes a civil claim for violations of the Fourth Amendment premised on warrantless searches and seizures, the United States Court of Appeals for the Fourth Circuit has held that claims challenging searches conducted with a warrant present a new Bivens context. See Annappareddy v. Pascale, 996 F.3d 120, 135 (4th Cir. 2021). The claim presents a new context where it implicates a "distinct" Fourth Amendment guarantee governing warrants and probable cause

4

findings, its is governed by different legal standards compared to the warrantless searches in Bivens, and the claim implicates different forms of police work than the apprehension and physical search in Bivens. Id. The court of appeals also held that special factors counsel hesitation in recognizing a Bivens cause of action for claims related to searches conducted pursuant to a warrant, including: 1) the existence of alternative remedial structures, such as civil claims for wrongful convictions or the ability to recover attorneys' fees for the government's bad-faith or vexatious litigation conduct; and 2) that recognizing a damages remedy "would require courts to interfere in the executive branch's investigative and prosecutorial functions." Id. at 137–138. Accordingly, plaintiff has not alleged a cognizable Fourth Amendment claim under Bivens and its progeny.[2]

In the alternative, assuming that a Bivens remedy is available, plaintiff has not alleged a Fourth Amendment violation. Assuming without deciding that the alleged misstatements were made with deliberate disregard for their falsity, excising the statements would not defeat probable cause. See Miller, 475 F.3d at 628. Probable cause requires that the warrant affidavit show "a fair probability that contraband or evidence of a crime will be found in a particular place." See United States v. Grubbs, 547 U.S. 90, 95 (2006). With respect to searches of private residences, "a sufficient nexus can exist between a defendant's criminal conduct and his residence even when the affidavit supporting the warrant contains no factual assertion directly linking the items sought to the defendant's residence[,]" provided that the nature of the items and the normal inferences of where such evidence is likely stored alone supports a finding of probable cause. United States v. Grossman, 400 F.3d 212, 217 (4th Cir. 2005).

---

[2] Plaintiff does not seek injunctive relief and so the finding that a Bivens remedy is unavailable is dispositive of plaintiff's case. (See Am. Compl. (DE 16) ¶ VII).

Plaintiff alleges that the warrant affidavit contains a false statement that officers maintained constant visual surveillance of him leaving the residence through the time he discarded the heroin just prior to his arrest. According to plaintiff, the only "nexus" connecting the residence searched and the contraband was the fact that officers allegedly maintained surveillance of him throughout this period of time, thereby establishing plaintiff had possession of the heroin at the time he left the residence. The police reports documenting plaintiff's arrest and the search, however, suggest that officers lost sight of plaintiff for a brief period when he entered a sweepstakes gaming business. Plaintiff argues he could have obtained the heroin from someone inside the sweepstakes business, thus defeating probable cause to search the residence.

But even omitting the "constant surveillance" statement from the affidavit, numerous other facts support a finding of probable cause. A cooperating defendant, whose reliability is not challenged, reported that he previously purchased heroin from plaintiff, and officers knew that plaintiff resided at the subject residence and had a history of selling controlled substances.[3] (Warrant Aff. (DE 16-1) at 11–12).[4] Furthermore, the cooperating defendant placed a "controlled" phone call to plaintiff and ordered heroin. (Id. at 12). After the call, the officers observed plaintiff leave the residence and travel to the prearranged meeting location to complete the sale. (Id.). Even assuming that the officers knew plaintiff walked into the sweepstakes business before his arrest, that would not defeat probable cause.

---

[3] Plaintiff suggests that he did not have a history of selling controlled substance in Raleigh itself, but he does not contest his criminal history includes convictions in other locations for selling cocaine. (See Warrant Aff. (DE 16-1) at 12). In fact, prior to the instant arrest, plaintiff was convicted in this court of possession with intent to distribute a quantity of cocaine, and using or carrying a firearm during and in relation to a drug trafficking crime. See United States v. Williams, No. 5:13-CR-257-FL-1 (E.D.N.C. Sept. 3, 2014).

[4] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

Where the officers knew plaintiff had a history of selling controlled substances, a cooperating defendant placed a call to plaintiff and ordered heroin in the presence of the officers, and the officers then observed plaintiff leave his residence and travel to the meeting with the cooperating defendant, those facts standing alone establish "a fair probability that contraband or evidence of a crime will be found" in that residence. See Grubbs, 547 U.S. at 95; Grossman, 400 F.3d at 217 ("It is reasonable to suspect that a drug dealer stores drugs in a home to which he owns a key"); United States v. Williams, 974 F.2d 480, 480–81 (4th Cir. 1992) (concluding probable cause existed for search of motel room based on the defendant's history of drug trafficking, that his vehicle contained drug residue and a concealed knife, and that he was carrying a receipt for the motel room); United States v. Suarez, 906 F.2d 977, 984–85 (4th Cir. 1990) (upholding finding of probable cause where the defendant "was placed at the home and calls were made to him that led to the arrest of an associate and the seizure of a quantity of marijuana"); see also Gerstein v. Pugh, 420 U.S. 103, 121 (1975) (noting that probable cause does "not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands"); Unus, 565 F.3d at 125 ("That some contradictory evidence may have been available . . . does not defeat the existence of probable cause"). Accordingly, even if plaintiff's claim is cognizable under Bivens, he has failed to allege sufficient facts to state a claim for violation of the Fourth Amendment.[5]

Finally, plaintiff's motion to amend the complaint also cannot survive initial review. The motion to amend attempts to name additional defendants, but plaintiff fails to explain how these proposed defendants were responsible for the alleged constitutional violation. See Iqbal, 556 U.S.

---

[5] To the extent plaintiff is attempting to assert his Fourth Amendment claim against any state actors under 42 U.S.C. § 1983, the foregoing conclusion applies equally to any such claims.

at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."). To the extent plaintiff is alleging the proposed defendants violated his Fourth Amendment rights during the search of his residence, the claim is without merit for the reasons set forth above.

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion to amend (DE 18) is DENIED and the clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of November, 2022.

LOUISE W. FLANAGAN
United States District Judge